United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-30922
Summary Calendar

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELIZABETH MARGARET CHILDS, also known as Elizabeth Childs, also
known as Christina Margaret Childs, also known as Elizabeth
Kaufman, also known as Stephanie White, also known as Christine
Elizabeth Finn, also known as Christine Childs Finn, also
known as Elizabeth Margaret Kaufman, also known as Christine
Finn, also known as Beth Childs, also known as Margaret Chiles,
also known as Liz Chiles, also known as Nicole Childs,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20016-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Elizabeth Margaret Childs pleaded guilty to one count of

bank fraud and received a sentence of 36 months in prison.  On

appeal, Childs asserts that the district court erred in imposing

a two-level sentencing enhancement pursuant to U.S.S.G.

§ 2B1.1(b)(10)(B)(i), based on the use of fictitious account

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

numbers on checks created by Childs.  As the Government concedes, this enhancement should not have been imposed.  See United States v. Hughey, 147 F.3d 423, 433-36 (5th Cir. 1998)(excluding account numbers from the definition of "access device" under 18 U.S.C. § 1029).

Therefore, the sentence imposed by the district court is VACATED, and the case is REMANDED for further proceedings pursuant to this ruling.  In light of this remand and the resulting resentencing, we decline to address Childs's assertion that the district court's upward departure from the applicable guideline range was unreasonable.  See, e.g., United States v. Southerland, 405 F.3d 263, 270 (5th Cir. 2005).